# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lake Cespedes Michel, | No. CV-26-00105-PHX-DWL (ASB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Petitioner Lake Cespedes Michel's pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)[1], filed on January 8, 2026. At the time of filing his Petition, Petitioner was detained in the Central Arizona Florence Correctional Center ("CAFCC"). (*Id.*) Petitioner sought release from custody pursuant to *Zadvydas v. Davis,* 533 U.S. 678 (2001). (*Id.*) For the reasons that follow, undersigned recommends the Petition be denied and dismissed as moot.

## I.    PROCEDURAL HISTORY AND BACKGROUND

Petitioner is a citizen of Cuba who entered the United States "on or about 2016 through a [border] crossing and applied for Asylum immediately." (Doc. 1 ¶¶ 12, 13.) Petitioner was ordered removed on October 2, 2018 and did not appeal the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). (*Id.* at ¶ 14.) Accordingly,

---

[1]    Citation to the record indicates documents as they are displayed in the District of Arizona's official Court electronic document filing system under Case No. CV-26-00105-PHX-DWL (ASB).

Petitioner asserts "the decision [for his removal] became final." (*Id.*) Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") on November 10, 2025 and remained in ICE custody until he filed his Petition on January 8, 2026. (*Id.* at ¶ 15.) Petitioner asserts that he has "cooperated fully with all of ICE's efforts to remove [him] since ordered remove[d] on October 2nd, 2018." (*Id.* at ¶ 16.) Petitioner argues that he has made no effort to interfere with his removal to Cuba, but despite that ICE has been unable to remove him "since he was ordered removed on October 2nd, 2018." (*Id.* at ¶ 17.) Petitioner argues that he has been detained with no significant likelihood of removal in the reasonably foreseeable future. (*Id.*) Petitioner asserts two claims in his Petition, which the Court has previously summarized as follows:

> In Count One, Petitioner claims his continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis,* [533 U.S. 678 (2001)], because Petitioner's removal is not likely to occur in the reasonably foreseeable future. In Count Two, Petitioner contends his detention violates his Fifth Amendment rights.

(Doc. 5 at 2.) Petitioner requested the following relief: (1) assume jurisdiction over the matter; (2) "issue an order pursuant to 28 U.S.C. § 2243 directing Respondents to show cause why the writ of habeas corpus should not be granted;" (3) "grant the writ of habeas corpus and order Petitioner's immediate release from custody;" and (4) grant any further relief as the Court deems just and proper. (*Id.* at 6.)

The following Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 16) on February 4, 2026: Warden of the CAFCC Luis Rosa, Jr.; Director of ICE Enforcement and Removal Operations, Phoenix Field Office John E. Cantu; Deportation Officer K. Bourne; Acting Director of United States ICE Todd M. Lyons; U.S. Department of Homeland Security ("DHS") Secretary Kristi Noem; and Attorney General of the United States Pamela Bondi, (collectively, "Respondents")[2]. In their Response, Respondents

---

[2]  Petitioner initially named "ICE Field Office" and "US Attorney for the District of Arizona" in addition to the aforementioned Respondents. (Doc. 1.) "ICE Field Office" and "US Attorney for the District of Arizona" were dismissed as Respondents pursuant to this Court's Order on January 20, 2026. (*See* Doc. 5.)

argued that the Petition should be denied as moot. (Doc. 16 at 1.) Respondents asserted that Petitioner was removed to Mexico on January 8, 2026, the same day Petitioner filed the instant Petition. (*Id.*) ("The government notes [that Petitioner filed through unknown means] because [DHS] deported Petitioner to Mexico on January 8, 2026, which is the same date as the filing but six days after Petitioner hand-signed his pro se petition.") Respondents argue that the Petition, which sought Petitioner's release from detention, is now rendered moot because Petitioner has been removed to Mexico, and there is thus no case or controversy for the Court to resolve. (*Id.* at 3.)

Based on the record before this Court, the last three attempts to deliver to Petitioner the filings in the present matter have failed. (*See* Docs. 8, 14, 19.) First, the attempted service of the Notice of Assignment (Doc. 4) to Petitioner's listed address at the CAFCC failed, and the mail was returned as undeliverable on January 22, 2026 with the reason circled "not in custody" and a handwritten note on the envelope stating "released 1/6/26." (Doc. 8.) Second, the attempted service of the Court's Order (Doc. 5) was returned as undeliverable on February 2, 2026 with the same reason circled ("unclaimed/not in custody"). (Doc. 14.) Finally, the attempted service of the Court's February 3, 2026 Order (Doc. 13) was also returned as undeliverable with a handwritten note on the returned envelope reading "released 1-6-26." (Doc. 19.) Undersigned also notes that, pursuant to the Court's January 22, 2026 Order, Petitioner is required to file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure ("LRCiv"). (Doc. 5 at 2-3.) Petitioner has not filed such a notice of a change of address with the Court, nor has Petitioner filed a Reply.

## II.   ANALYSIS

Under Article III of the United States Constitution, a federal court has jurisdiction over actual, ongoing controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "Mootness can arise at any stage of litigation" and "federal courts may not give opinions upon moot questions or abstract propositions[.]" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotation marks and citations omitted). "A petitioner's deportation does

not automatically render his claim moot" but rather "to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (first citing *Zegarra–Gomez v. INS*, 314 F.3d 1124, 1126–27 (9th Cir. 2003); then quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). A petitioner's claims are rendered moot when the claims were "fully resolved by the release from custody" and "successful resolution of their pending claims could no longer provide the requested relief." *Abdala*, 488 F.3d at 1065.

Based on the undisputed record before this Court, Petitioner was released from ICE custody and removed to Mexico on January 8, 2026. (*See* Doc. 16.) This is supported by both Respondents' assertions regarding the date of removal (Doc. 16) and the two pieces of returned mail received by this Court indicating Petitioner was released from an ICE detention facility on January 6, 2026. (Docs. 8, 19). Also, Petitioner has not submitted any change of address to the Court, pursuant to the Court's January 22, 2026 Order (*see* Doc. 5).

Petitioner's claims in his Petition entirely concern his detention in ICE custody. (*See* Doc. 1.) Petitioner's only requests for relief are for this Court to assume jurisdiction, direct the Respondents to show cause why the Petition should not be granted, and release Petitioner from custody. (*See id.* at 6.) Because Petitioner's release from ICE custody and removal from the United States fully resolve the claims and that "successful resolution of [the] pending claims could no longer provide the requested relief[,]" Petitioner's claims are now moot. *See Abdala*, 488 F.3d at 1065. Petitioner has not alleged any collateral consequences that may be redressed by success on the Petition. *See id*. Accordingly, undersigned will recommend that the Petition be dismissed as moot.

## III.   CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED** and **DISMISSED** as moot.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 6th day of March, 2026.

_____
Honorable Alison S. Bachus
United States Magistrate Judge